**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSHUA GRESH,** | : | **Civil No. 4:25-CV-2010** |
| | : | |
| **Petitioner** | : | |
| | : | **(Judge Saporito)** |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **COLUMBIA COUNTY COURT OF COMMON PLEAS,** | : | |
| | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I. Introduction

There is an undeniably oxymoronic quality to the instant case. An oxymoron is defined as a notion which combines two utterly inconsistent and contradictory concepts together. By this definition, Joshua Gresh's federal habeas corpus petition rests upon an oxymoron. Gresh plainly considers himself a sovereign citizen, an adherent to an eccentric ideology which holds that no court can exercise jurisdiction over him as a sovereign being. Yet, while Gresh asserts his sovereign citizenship, he appears to be a situational sovereign citizen since he turns to this Court and urges us to strike down his state court convictions based on the notion that no courts can assert jurisdiction over him. Therefore, it appears that Gresh would conditionally accept

our jurisdiction over his body but would only do so if we embraced the idea that no court has jurisdiction over him.

This we cannot do. Since the sovereign citizen ideology which underlies this petition is legally, factually, and historically bankrupt, we recommend that this petition be dismissed as frivolous.

## II. Factual Background

The petitioner, who identifies himself as "Joshua Byron: family of Gresh," (Doc. 1 at 1), was prosecuted in state court. Commonwealth v. Gresh, CP-19-CR-0000397-2023. Embracing sovereign citizen jargon, Gresh now insists that this state prosecution was entirely illegitimate because the state has "been making legal determinations about my living self without jurisdiction over my living body." (Id. at 6). According to Gresh the "Court has already acquiesced to impersonate me as a corporate entity, unlawfully detaining my living self as surety for this matter without jurisdiction." (Id.) Based upon his idiosyncratic view of his place in the world Gresh insists that the state authorities act as an "agent of a foreign principal" and avers that his state prosecution violates the Foreign Agents Registration Act and the Vienna Convention on Consular Relations. (Id. at 7-8). Gresh then demands relief in the form of the dismissal of the state case and "a legible hand written apology letter" from the presiding judge in his state case. (Id. at 8).

The undisputed facts tell a very different and far more pedestrian story. The docket in Gresh's state criminal case reveals that Gresh was charged with state traffic and firearms offenses following at traffic stop which occurred on April 21, 2023. (Doc. 14-1 at 2). At the time of this stop Gresh was operating a motor vehicle which did not have a valid license plate. Instead, "[i]n the location that a license plate should have been placed [Gresh] had a novelty pla[t]e which stated to the effect: 'Don't Tread on Me'" (Doc. 14-2 at 1). He was convicted of these offenses and was sentenced on January 25, 2024 to one-to-twenty three months imprisonment. (Id. at 3). Gresh appealed this conviction to the Pennsylvania Superior Court which affirmed his conviction and sentence. While on appeal, service of Gresh's sentence was stayed, however, once his conviction was affirmed, Gresh was ordered to commence service of his sentence on January 17, 2025. Gresh failed to appear for service of this sentence and a warrant was issued for his arrest. He was taken into custody on February 3, 2025, and completed the custodial aspect of his sentence in March of 2025. Gresh was then released on state parole. (Doc. 14).

It is against this backdrop that Gresh invites us to endorse his eccentric belief that the Commonwealth is unable to enforce its laws against this sovereign citizen. As discussed below, the Court should decline this invitation and dismiss Gresh's petition as frivolous.

## II. Discussion

### A. This Petition Should Be Dismissed.

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief. Therefore, since the petitioner has not made a showing justifying habeas relief, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. 28 U.S.C. § 2254. Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition is appropriate since Gresh's petition rests upon an eccentric and legally bankrupt notion, his claimed sovereign citizen status. On this score, Gresh's contention that he enjoys a sovereign citizen status, while frivolous, is hardly novel. Quite the contrary, others share this curious belief and have tried to assert their sovereign status as a bar to prosecution. But these efforts, while frequently made, have been uniformly rejected by the courts. Instead, it has been universally agreed that this claimed status:

> [I]s based on a frivolous legal theory—that he is his own sovereign, and the Commonwealth of Pennsylvania lacks jurisdiction over him . . . . "[S]overeign citizen arguments have been widely rejected as frivolous by federal and state courts." Wright v. Greene, No. 25-275, 2025 WL

> 712637, at *1 (M.D. Pa. Mar. 5, 2025) (dismissing a petition for pretrial *habeas corpus* relief pursuant to 28 U.S.C. § 2241 upon preliminary review because it relied on frivolous sovereign citizen arguments); see United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily; however they are presented."); Clifford v. Petril*lo*, 823 F. App'x 67, 67 n.1 (3d Cir. 2020) (*per curiam*) (citing Benabe with approval); Anderson v. Commonwealth, 276 A.3d 264, 2022 WL 909613, at *1 & n.2 (Pa. Super. Ct. 2022) (unpublished table decision) (rejecting sovereign citizen straw man argument as frivolous); Commonwealth v. McGarry, 172 A.3d 60, 65-66 (Pa. Super. Ct. 2017) (rejecting sovereign citizen jurisdictional argument as frivolous).

Sinclair v. Terra, No. CV 25-1533, 2025 WL 2151041, at *3 (E.D. Pa. July 17, 2025), report and recommendation adopted, No. CV 25-1533, 2025 WL 2146837 (E.D. Pa. July 29, 2025).

Moreover, the premise behind this petition—the notion that the state is utterly powerless to enforce its laws—is completely bankrupt. For example, "the Supreme Court has long recognized a state's right to use its police powers to 'require the registration of such vehicles and the licensing of their drivers,'" Earl v. Harris, No. 23-1063, 2023 WL 3580700, at *1 (3d Cir. May 22, 2023) (quoting Hendrick v. State of Maryland, 235 U.S. 610, 622 (1915)). In sum, we are not obliged to indulge Gresh's eccentric notion that he is beyond the law. Therefore, we should join the rising tide of case law which rejects sovereign citizen claims and this petition should be dismissed.

## III. Recommendation

For the reasons set forth above, it is RECOMMENDED that the Court DISMISS this petition, (Doc. 1), as frivolous and that no certificate of appealability should issue in this case. IT IS FURTHER RECOMMENDED that Gresh's motion to strike the Commonwealth's response to this petition, which is premised upon his legally bankrupt sovereign citizen ideology, (Doc. 18) be DENIED.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of August 2026.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge